## Case No. 8,282.

### LETOURNO v. RINGGOLD.

### [3 Cranch, C. C. 103.] [1]

Circuit Court, District of Columbia. May Term, 1827.

TRUST—EFFECT OF DEED OF TRUST AS BETWEEN PREFERRED AND GENERAL CREDITORS.

A deed conveying, in trust, to secure certain creditors, certain specified articles of personal property, does not protect for the general creditors, articles purchased to supply the place of articles sold by the trustee; unless so stipulated in the deed of trust.

Replevin, for goods taken in execution by the defendant [Tench Ringgold], as marshal of the District of Columbia, at the suit of a creditor of Joseph Letourno. Joseph, the debtor, was also indebted to his brother Clement, the plaintiff in this cause; and to secure that debt, conveyed to one Elijah White, by a deed of bargain and sale, dated on the 25th of February, 1825, all his household furniture and stock in trade, as a tavern-keeper, (a particular schedule of which was annexed to the deed,) in trust to permit Joseph to remain in possession and to use them until the execution of the trust; and providing that White should preserve the property for the purpose of securing the payment of $1363.50 due to Clement Letourno, the plaintiff, within a year from the date of the deed; after which he was, on demand, to deliver up the property to Clement, to be sold in discharge of that debt, if it should not have been before paid. And by a second deed, dated October 18, 1825, reciting that part of the goods, mentioned in the schedule, had been sold and other goods substituted, conveyed to the said White

[1] [Reported by Hon. William Cranch, Chief Judge.]

upon the same trusts, the goods, stock in trade, &c., then in the house, (other than those contained in the schedule annexed to the former deed;) and also such as might thereafter, before the extinguishment of the debt to Clement, "be purchased or procured out of the profits or proceeds of the same, or for the purpose of replacing any of the goods, wares, merchandise, stock in trade, furniture, or other articles now in the house; or for carrying on the business of the said Joseph Letourno."

The defendant's counsel prayed THE COURT to instruct the jury, that the deed did not convey the after-acquired property.

But THE COURT instructed the jury that the deed of the 18th of October, if not otherwise fraudulent, protected the goods purchased, since the date of the last deed, out of the profits or proceeds of the goods which had been acquired between the dates of the two deeds; but not such as may have been purchased since the date of the last deed, out of the proceeds or profits of the goods conveyed by the first deed, and sold since the date of the last deed. See the case of Wagner v. Watts [Case No. 17,040], at June term, 1819, in this court. Verdict for the defendant.